You're on this case on the dock. People will be. Thank you. Thank you. Thank you. Thank you. Mr Lillie. When was the last time you made a large. It's been a while. I think I've done one in the last five years. Mornings the court counsel. I'm here this morning on behalf of Ricky McGuire challenging conviction for operating a watercraft under the influence of alcohol and causing a death. Our position is that the statute defining operating under the operating watercraft under the influence is void. That statute being 625 ILCS 45 slash 5 dash 16 A5. It's been superseded by a provision in the DUI statute defining aggravating DUI and including the element of proximate cause. Which first element of the voidness argument does it fall under? I mean, we're not saying that the court didn't have subject matter jurisdiction, right? No, I'm saying the statute itself has been effectively repealed, implicitly repealed. So the statute isn't there, and therefore the conviction under the statute can't stand. When it's the abolition of the statute that I'm relying on your honor. When the Illinois General Assembly enacted the Deceptive Practice Act, did that negate forgery? I have to think about the answer to that. I have to think about the answer to your argument. It's deception and it's a document capable of fraud. There are situations where something can be charged under either statute, but there's normally a difference in elements in those situations. Here we're saying the enactment of the aggravating DUI statute overrode the operating under the influence statute. So in this context, we're saying the statute preempted the field, if you want to say it that way, or superseded it. You know, I understand the argument, but let me confront you with some statutes of well-settled legal principles that hold. For a later enactment in question to operate as a repeal of the first law, it must be clear that the legislature intended there to be a manifest intent to repeal. You've got the second provision, more to the point, where a general statutory provision and a more specific provision relate to the same subject. We would presume that the legislature intended the more specific provision to govern. We would presume that the legislature intended the more recent statutory provision to control. So why, then, does it have to necessarily be void? Well, here the more recent is the ag DUI statute, first of all. And if I might go through a little bit of the legislative history on this, I think this traces back to, first of all, it goes to the reckless homicide statute, which was then sort of replaced by the aggravated DUI statute. As of 2000, in the reckless homicide statute, operating a watercraft was put into the reckless homicide statute along with operating a motor vehicle, which was already there. By definition, that's what reckless homicide always was, but the legislature added operating a watercraft into that. They also added enhancements for when DUI was involved with reckless homicide or for operating the watercraft. Now, as your honors know, there were a lot of amendments to the DUI statute in the early 2000s, some of which seemed to contradict one another or not be consistent with each other. In the Maldonado cases, this court addressed some of those differences or those conflicts in the statute. The relevant part here, though, is when aggravated DUI took over the field, let's say, from reckless homicide in cases where there is intoxication or operating under the influence involved. So what's your response to the definition of a motor vehicle, which is supposedly something that carries people or goods on a highway or a road, something other than an aqueous body? Two responses to that. First of all, I think if read in context, you have to read the definition of vehicle more broadly to include watercraft in this context. That's the primary argument I have, and I think the legislative intent shows that. As I was saying, the reckless homicide statute was revised to put in operating watercraft. Then aggravated DUI was enacted, and that provision refers to watercraft accidents, along with snowmobile accidents, ATV accidents, motor vehicle accidents. They're all lumped together there. It's our position that what the legislature was doing there, that statute is meant to apply it to the operator of the watercraft, the operator of the vehicle, the operator of the snowmobile, for example. So does that mean the defendant was prosecuted under a Boyd statute and therefore Jeopardy has a debt to attach? He was prosecuted. Correct. Correct, yeah. I mean, the implications of this would be for down the road, but yes, it is our position he was prosecuted under a Boyd statute. The re-question would be could he be corrected under prosecuting a correct statute would be a remaining question. Is it possible that both statutes have concurrent effect similar to federal and state statutes relative to robbing a bank? Well, the reason I don't think both can have effect is because of this element of proximate cause. It's only in one of the two statutes, and the later enacted statute is the one with the proximate cause element. They're both classified as Class II felonies with an enhanced sentence for age 3 to 14. The difference between the two statutes is this proximate cause element. The legislature put that in in the aggravated DUI statutes when we're saying it's superseded or preempted the field. Are the sentences the same? Yes. The punishment for either one is the exact same? Yes. In the instance of one death, there is a greater sentence provision in the DUI if more than one death results from the motor vehicle or watercraft accident. But in a one death context, yes, they're exactly the same. In 2008 when this happened, I don't believe that has changed even today. Can you drive a motor vehicle other than a watercraft and be involved in a watercraft accident resulting in... Well, I mean, that's part of my point, Your Honor. The state's interpretation of the statute does not make sense to me. How do you operate a motor vehicle on a highway and have a watercraft accident? That doesn't make any sense. That can't be what the legislature is looking for. A motor vehicle could leave the highway and hit a boat, which has actually happened. Or a fisherman on a deck of ships. I don't think the legislature passed this whole statute and preempted it and took it out of the reckless homicide to cover that situation, Your Honor. Probably not. And it was probably a throw in to throw boats into the vehicle code, which doesn't really fit very well. It doesn't fit well. But I would point out Chapter 625, the overall chapter, is defined as vehicles. And within that you have parts for motor vehicles, parts for snowmobiles, parts for boats. But they are all in the general sense classified as vehicles. That's what Article 625 is. I'd also note at the very start of the vehicle code, Section 1-101, the words and phrases provision specifically says, and let me make sure I get the words right here, that you define vehicle as in that section except when the context requires otherwise. We have a situation where the context requires otherwise. That addition of reckless of watercraft accidents to the Ag DUI statute does not make sense if all it was meant to apply to was for the obscure situation where somehow a motor vehicle collides with a watercraft. We say that what the legislature was doing here, as they had done in the reckless homicide statute, was to cover the operator of the watercraft who was intoxicated. The operator of the snowmobile who was intoxicated. The snowmobile is a good example, too. The definition of vehicle in the Motor Vehicle Code expressly includes snowmobiles. It doesn't expressly exclude watercraft. It does expressly exclude snowmobiles. Yet the legislature turned around and covered snowmobile accidents in 11-501D1F, which is the provision we're saying controls the field here. That the legislature decided that the operator of the watercraft should be treated exactly the same as the operator of the motor vehicle. That's the provision that applies with the probable cause element, with the proximate cause element. Excuse me. So you're arguing that the section of the VODAC was impliedly repealed by the more recent amendment to 11-501, correct? Correct. And if the defendant had been tried under 501, what would have been the prejudice? I mean, how is he prejudiced here by the application of the erroneous statute? Well, a conviction under a void statute can't be harmless. Correct. You can't have a prejudice in health. Yes, at the trial, in this case, the proximate cause element was, according to your argument. The defendant actually was tried under the higher standard, was he not? Correct. It was an actual element that the state had to prove that they didn't really have to prove, according to your argument. Well, they did. I say they did. Well, if he had been properly charged, they would have had to prove it because he should have been charged under the aggravated DUI. But yes, that is what I'm saying, Your Honor. Yes. And this simply was not brought up at the time of the earlier appeal, this question about what was the status of the statute at that point. I believe, if I'm reading the public acts correctly, it was January 1st of 2003 that operating under the influence, operating with watercraft under the influence, was made a Class II felony. And then it was six and a half months later, July 18th, 2003, that the relevant amendments of the aggravated DUI took effect. And then those basically continued to be in effect in 2008. Are you aware of the legislative history? Did anybody bother to check on the legislative history to determine what the point of this amendment was? Well, there certainly is one statement in the legislative history indicating we need to treat operating everything the same, treating operating snowmobiles, operating watercraft, operating motor vehicles the same. There's not, I did not find detailed legislative history. No, Your Honor, but there is a reference at the time they're passing the bill that the purpose of this is to treat everything the same. I mean, the question would be easier if they said we're doing this because we want to amend for this purpose. Right. I can in no way indicate an express appeal or that they expressly address this, but it is consistent to put the proximate cause element in everywhere. It was there for the great bodily harm forms of both operating under the influence and driving aggravated DUI as of 2003. So the legislature, it made sense to make it consistent and put the proximate cause element into the death version of the offense also. What's the difference between as a result of and proximate cause? Well, the, you know, certainly the interpretation of this Court in the earlier appeal was that proximate cause was not an element, that the death resulting from the operating of the motor vehicle was different from probable cause. Well, is there a difference between a death resulting or vis-a-vis a death occurring? I don't believe in the way the statute is set up, no, that there is a difference between those two, Your Honor. So all I can say is you can have the accident and the death occur as a result, but whether the operation under the influence or while intoxicated, however you want to phrase it, was the proximate cause is a different question. Proximate cause is something more than a mere occurrence or a result in the incident. If there are no other questions, we ask this Court to find that the statute is void and that Mr. McGuire's conviction under that statute should be reversed. I have an opportunity to make a rebuttal. Ms. Burns. Good morning, Your Honors. My name is Mary Beth Burns, and I represent the people of the State of Illinois. Before proceeding, I would like to introduce you to the gentleman who is sharing counsel table with me, Mr. Daniel Knutson. Mr. Knutson is a third-year student at the Northern Illinois University College of Law, and he participated significantly in writing our brief. I think initially I have a problem, and this Court may disagree with me. And I guess, actually, I'll tell you that initially I think I have to respond to a comment that the defense made in its reply brief. They properly observed that we did not challenge jurisdiction here. And there's no challenge to jurisdiction here because under Beauclair, the Illinois Supreme Court has said that failure to adhere to the time bar in the PC statute is not a jurisdictional concern. And the Post-Conviction Hearing Act itself provides for an appeal from a denial of relief or dismissal. And so, clearly, this Court has jurisdiction. The question is not whether this Court has jurisdiction, but what can actually be considered on appeal. The defendant, in their main brief, relied on Pinkleby Flowers, which talks about the consideration of void judgments in a case that is properly before the court. And though Flowers is a jurisdictional case, I'm not entirely sure that an untimely post-conviction petition is before the court and is properly before the court. And we also are looking at an issue that has never been brought in the circuit court. It was not subject to a motion to dismiss in the trial court. It was not subject to discussion in the direct appeal. And it was not part of the actual post-conviction petition here. Let me ask you this. Aside from raising the technical arguments, reduced to the simplest terms, your argument is the court lacked the inherent power to enter a conviction because the offense didn't exist. The statute is void. The offense doesn't exist. Are you telling us, then, that somebody who could spend 10 years in a penitentiary on an offense that everyone agrees doesn't exist because of a jurisdictional argument? I guess the problem that I have with this is that the conduct has always been criminalized. So to the extent that we're going to say that if we're going to say, and I don't think we legitimately should say it, but if we're going to say that the operating a watercraft while intoxicated statute was void, it's that particular provision. It's not the entire statute. It would be the particular provision. And so he spent his five years in prison on what would then be either the predecessor statute or on a lesser offense. But this isn't a matter where this is conduct that wasn't ever criminalized before this statute. And it isn't a statute that didn't exist prior to the amendment that they're talking, that the defense is talking about. So the notion that Mr. McGuire spent time in prison for something that doesn't exist I think is an illusory discussion, because his conduct has always been criminalized. He drove a boat intoxicated. He caused an accident, which in turn caused the death of the victim. So this isn't a matter of someone having been incarcerated in vain. No one created an offense out of whole cloth. The other question I would have about this is where the defense position is that this is implied as an impia. I'm very sorry, Your Honor. I apparently am intoxicated. It doesn't get this argument. But be careful. This is being recorded. Yeah, and I did drive here. To the extent that the original provision is impliedly repealed, I'm not entirely sure I understand where in impliedly repealed law you would then add an element. Because what they're saying is the element that had to be added was a proximate cause element. If you, in fact, say that this provision is impliedly repealed, and, again, it's a provision that has already existed, and so you would theoretically go back to the original provision, how do you then add an element? You're claiming that the indictment was the defect in the indictment was essentially an informality rather than something substantial. Because the criminality was always there. It just is that they put the wrong chapter and the wrong section and the wrong paragraph and the wrong subparagraph number. But the crime was there in existence somewhere, and since he never objected and moved to strike, then this is all weak. Is that your argument? That would be a portion. Close. That's a portion of the argument. However, in addition, in looking at the indictment, to the extent that their concern is that the aggravated driving while intoxicated statute has an element that the operating watercraft doesn't, the indictment has that element, which is a proximate cause element, and the jury was instructed on that element. You, I believe, filed a motion to cite additional authority. Is that correct? We did, Your Honor. The additional authority goes to, again, one of the procedural matters. In 2004, the Supreme Court said that one cannot look at a claim in post-conviction appeal that was not raised in the actual petition. But wasn't it? A year later. Yes, but wasn't that case involving things that didn't relate to voidness? It was. But the case that we cited as additional authority. Jones, I think it was. Also Jones, a year later, says that the proper response would be a subsequent successive post-conviction petition. We cite these in support of what we believe are procedural default arguments. They do not relate to the allegation of voidness. I believe your notice said that you were going to provide Mr. Lillian with copies of the motion. I think that we said that we would provide Mr. Lillian notice. Mr. Lillian and I did yesterday to discuss it. Mr. Lillian, do you have any objection to our considering it? Thank you. Counsel, when two statutes, the law is well settled when two statutes are allegedly in conflict, the court is under an obligation to interpret them in a manner that finds them to be not inconsistent. So how do you address that? What about these statutes makes them not inconsistent? Well, I think part of our concern, and we discussed it in our brief, is whether or not the legislature did in fact intend Watercraft to be part of its definition of vehicle. Because in the definition of vehicle, it talks about things that can transport people on a highway. Clearly a boat really isn't designed to do that. So in the reply brief, the defense said that they were not sure why the legislature had created what were perhaps on their face inconsistent statutes. I guess my thought is that as to the DUI statute, talking about Watercraft is surplusage because Watercraft do not fit within the definition of vehicle. And therefore a prosecution under the vehicle code, under the DUI statute for a boat fatality would be void. It could certainly be challenged. I'm not prepared to stand here and say it would be void, but I can certainly say it could be challenged. Because it's not within the definition of vehicle. And because there is in fact a statute that is on point. And so to the extent that Mr. Lillian argued that the amendment to the DUI statute essentially preempted, I don't necessarily think it has to be read to preempt it. They have done nothing to take out the driving a Watercraft intoxicated provision that still exists. So I don't think there is any intent to preempt it. Because in fact the defendant was charged and convicted of the correct offense, I think that this conviction should stand. I do not think because of the definition of vehicle that the amendment rendered the other statute void. Your Honor, is there any other questions? Thank you very much. Mr. Lillian? Could you address that last point of hers about the inconsistency where you're saying it's totally obvious that the legislature and defining vehicle didn't intend it to apply to Watercraft? What's your response to that? Well, I think I responded, you know, consistent with what I said earlier, Your Honor. They put the term Watercraft accident in the DUI statute. As they had carried over from the reckless homicide, they had put operating Watercraft in there. And now we have Watercraft accident. The difference is that reckless homicide is under the criminal code, not the vehicle code. And reckless homicide is a subset of involuntary manslaughter. Right. Well, that goes back to this overall definition of what's a vehicle. And as I said, I do not think this statute was enacted just to cover the situation where a motor vehicle somehow crashes into a boat that's in the water. That can't be what the legislature was looking at here, especially when they let this go into the DUI statute and essentially take over from what had been in the reckless homicide for the intoxication situation up until then. The state again today said, well, that was all surplusage. Well, what this court should be doing is making the words meaningful. And the only way Watercraft accident, snowmobile accident are meaningful is if it applies to the operator of the snowmobile or the Watercraft. The state's reading of the statute wipes the language of the amendment out that the legislature made, putting that language into the aggravated DUI provision. Are both statutes still in the revised statute? Yes. Yes, Your Honor. As far as I'm aware. And the snowmobile version is still there, too, which is the same as the boat version. If there is no intent, again, is there, there's no language, there's no legislative history to suggest that they intended to supersede. Not especially to supersede, but there is legislative intent that they intended to treat Watercraft accidents and snowmobile accidents the same as motor vehicle accidents. So you're saying as a matter of simple logic, why would the legislature put in the term if it was meaningless? Correct. Correct. Why would, why put that Watercraft accident, snowmobile accident language in the DUI statute for no reason? I mean, even before that, if somebody was driving a car intoxicated, hit a boat, hit a snowmobile, hit a tree, hit a pedestrian, hit anything, and a death resulted, it was aggravated DUI already with a death. The only reason to add these terms is to expand it to cover something else. And it's got to be to apply to the operator of the vehicle writ broadly to include Watercraft, snowmobiles, ATVs, which is what the legislature expressly did there. The legislative intent is to treat everything the same here under the DUI statute. That preempts the field here. Any further questions, Your Honor? Thank you. We'll take the case under advisement. There are other cases on the call.